FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2009 JUN 18 PM 2: 15

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

# 09-MC-0039

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>NORTHWEST VENTURE PARTNERS III, LP,<br><br>    Defendant. | NO. CV-09-075-RHW<br><br>CONSENT ORDER |

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.  Pursuant to the provisions of 15 U.S.C. §687c, this Court hereby takes exclusive jurisdiction of Northwest Venture Partners III, LP ("Northwest"), and all of its assets and property, of whatever kind and wherever located.

2.  The United States Small Business Administration ("SBA") is hereby appointed Receiver ("Receiver") of Northwest to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of Northwest's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

3.  The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited

**CONSENT ORDER * 1**

partners of Northwest under applicable state and federal law, by the Agreement of Limited Partnership, and Charter and/or By-Laws of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754.

4. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of Northwest are hereby dismissed and the powers of any general partners are hereby suspended. Such persons and entities shall have no authority with respect to Northwest operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Northwest and shall pursue and preserve all of its claims.

5. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to Northwest. The past and/or present general partner(s), managers, management company, officers, directors, agents, trustees, attorneys, accountants, and employees of Northwest, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Northwest and all of Northwest's assets and all other assets and property of the limited partnership, whether real or personal.

6. Northwest's general partner shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Northwest, a list of all agents, employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of Northwest, as well as the names, addresses and amounts of claims of all known creditors of Northwest. Within thirty (30) days following the entry of

**CONSENT ORDER \* 2**

1  this Order, the general partner of Northwest shall also furnish a written report
2  describing all assets.
3      7.    All persons and entities having control, custody or possession of any
4  assets or property of Northwest are hereby directed to turn such assets and property
5  over to the Receiver.
6      8.    The Receiver shall promptly give notice of its appointment to all
7  known general partner(s), managers, management companies, officers, directors,
8  agents, employees, shareholders, creditors, debtors, and limited partners of
9  Northwest, as the Receiver deems necessary or advisable to effectuate the
10 operation of the receivership. All persons and entities owing any obligation, debt,
11 or distribution with respect to a partnership interest to Northwest shall, until further
12 ordered by this Court, pay all such obligations in accordance with the terms thereof
13 to the Receiver and its receipt for such payments shall have the same force and
14 effect as if Northwest had received such payments.
15     9.    The Receiver is hereby authorized to open such Receiver's bank
16 accounts, at banking or other financial institutions, to extend credit on behalf of
17 Northwest, to utilize SBA personnel, and to employ such other personnel as it may
18 deem necessary to effectuate the operation of the receivership including, but not
19 limited to, attorneys, accountants, consultants and appraisers, and is further
20 authorized to expend receivership funds to compensate such personnel in such
21 amounts and upon such terms as the Receiver shall deem reasonable in light of the
22 usual fees and billing practices and procedures of such personnel. The Receiver is
23 not required to obtain Court approval prior to the disbursement of receivership
24 funds for payments to personnel employed by the Receiver or for expenses that the
25 Receiver deems advantageous to the orderly administration and operation of the
26 receivership. In addition, the Receiver is authorized to reimburse SBA for travel
27 expenses incurred by SBA personnel in the establishment and administration of the
28 **CONSENT ORDER * 3**

receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

10. Northwest's past and/or present general partners, managers, management companies, officers, directors, agents, attorneys, shareholders, employees, accountants, debtors, creditors, managers, limited partners and any other appropriate persons or entities (including without limitation, Northwest's portfolio of small business concerns and financial institutions doing business with Northwest and/or Northwest's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Northwest. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

11. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving the Receiver for Northwest, Northwest or any assets of Northwest, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, or involving any of Northwest's past or present general partners, managers, management companies, officers, directors, agents, or limited partners sued for, or in connection with, any action taken by them while acting in such capacity, whether sued as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such

**CONSENT ORDER * 4**

legal proceeding or from taking any action in connection with any such proceeding or any such asset.

12.   All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving the Receiver for Northwest, Northwest or any assets of Northwest, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, or any of Northwest's past or present general partners, managers, management companies, officers, directors, agents, or limited partners sued for, or in connection with, any action taken by them while acting in such capacity, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

13.   As to a cause of action accrued or accruing in favor of Northwest against a third person or party, any applicable statute of limitation is tolled as authorized by law during the period in which the injunction against the commencement of legal proceedings in paragraph 8, above, is in effect as to that cause of action.

14.   Northwest and its past and/or present general partners, managers, management companies, directors, officers, limited partners, agents, employees or other persons or entities acting in concert or participating therewith are hereby prohibited and enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would (a) dissipate the assets and/or property of Northwest to the detriment of Northwest or of the Receiver appointed in this cause, including, but not limited to, destruction of corporate records, or (b) violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et.

**CONSENT ORDER * 5**

seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1 et. seq.

15. The Receiver is authorized to borrow, if necessary, on behalf of Northwest, from the SBA, up to $1,000,000 at any given time and is authorized to cause Northwest to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Northwest, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of Northwest.

16. This Court determines and adjudicates that Northwest has violated the Act and the Regulations as alleged in the Complaint filed against Northwest in the instant action, and that SBA is entitled to the relief requested in its complaint.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

DATED this 12th day of June, 2009.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2009\NW Venture Partners\consent.ord.wpd

**CONSENT ORDER * 6**

JAMES A. MC DEVITT
United States Attorney
ROLF H. TANGVALD
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

ARLENE M. EMBREY
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
Telephone:(202) 205-6976
Facsimile:(202) 481-0324

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

NORTHWEST VENTURE
PARTNERS III, LP,

    Defendant.

NO. **CV-09-075-RHW**

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION

The United States of America, on behalf of its agency, the United States Small Business Administration ("SBA"), by and through its attorneys, James A. McDevitt, United States Attorney for the Eastern District of Washington, and Rolf H. Tangvald, Assistant United States Attorney, respectfully submits this Complaint for Receivership and Injunction against Northwest Venture Partners III, LP, and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.    This is a civil action brought by the United States on behalf of its agency, the Small Business Administration (hereinafter, "SBA," "Agency" or

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION - 1
P90305jmm.RT2-COMPLAINT.wpd

"Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§687(d), 687c, 687h; the Small Business Act, 15 U.S.C. §634(b)(1); and 28 U.S.C. §1345.

3. Defendant, Northwest Venture Partners III, LP (hereinafter "Northwest" or "Licensee"), is a Delaware limited partnership that maintains its principal place of business at 221 No. Wall Street, Suite 628, Spokane, WA 99201. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. §1391(b).

4. Northwest was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. §681(c), on August 4, 2000, under SBA License No. 10/70-0193, solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. Northwest's general partner is NVP III, LLC, a Delaware limited liability company.

6. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

7. Northwest's Agreement of Limited Partnership provides that actions taken by Northwest and its general partners shall be conducted and taken in compliance with the Act and Regulations. See §§ 2.4(a) and 7.1 of Exhibit 1 to the Leibbrand Declaration, filed herewith.

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION - 2
P90305jmm.RT2-COMPLAINT.wpd

8. Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide financing to licensed SBICs. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to Northwest through the purchase and/or guaranty of Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total amount of $52,150,000.

9. Currently, the outstanding principal Participating Securities Leverage totals $37,083,889.

10. The Participating Securities described in paragraphs 8 and 9, above, are expressly subject to and incorporated by reference in the Regulations, including, but not limited to, 13 C.F.R. §§107.1820-1850 and §107.507.

11. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as Northwest may be forfeited and the company may be declared dissolved.

12. Section 311 of the Act, 15 U.S.C. §687c, provides that upon a determination by SBA that a Licensee such as Northwest, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such Licensee.

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION - 3
P90305jmm.RT2-COMPLAINT.wpd

## COUNT ONE

## CAPITAL IMPAIRMENT

13. Paragraphs 1 through 12 are incorporated herein by reference.

14. Northwest had a condition of Capital Impairment of 94.62 % as of June 30, 2008 and 109.77% as of September 30, 2008.

15. Among other requirements, the Regulations, 13 C.F.R. §107.1830(c)(2), require that an SBIC such as Northwest maintain a Capital Impairment Percentage, as that term is defined in the Regulations, not exceeding 70%.

16. By letter, dated October 7, 2008, SBA notified Northwest that its condition of capital impairment had to be cured within fifteen days of the date of the letter or SBA would place Northwest into Restrictive Operations and impose Restrictive Operation Remedies pursuant to 13 C.F.R. § 107.1820(f).

17. Northwest failed to cure its condition of capital impairment within the prescribed time and, to date, remains capitally impaired. By letter, dated November 3, 2008, SBA informed Northwest that it had not complied with the demands of the October 7, 2008 letter and informed Northwest that it was being placed into liquidation status.

18. Northwest's failure to cure its condition of Capital Impairment is a violation of 13 C.F.R. § 107.1830(b), which violation has not been cured to date.

19. As a consequence of Northwest's continuing violation of 13 C.F.R. §§107.1830(b), SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d).

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION - 4
P90305jmm.RT2-COMPLAINT.wpd

## COUNT TWO

## NON-PERFORMANCE WITH TERMS OF LEVERAGE

20. Paragraphs 1 through 19 are incorporated herein by reference.

21. Northwest's non-compliance with its terms of Leverage under 13 C.F.R. §107.1830(b) is also a violation of 13 C.F.R. §107.507(a) for nonperformance of the terms of its Participating Securities.

22. Each Participating Securities instrument issued by Northwest specifically incorporates the terms of the Regulations. Thus, a violation of any regulation, including exceeding the maximum capital impairment percentage, is a violation of the terms of the Participating Securities.

23. Northwest is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment and is therefore in violation of the 13 C.F.R. §507(a).

24. As a consequence of Northwest's continuing violation of 13 C.F.R. § 507(a), SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Northwest.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Northwest, its past or present general partner(s), managers, management company, directors, officers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Northwest's funds; (2) using, investing, conveying, disposing, executing or

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION - 5
P90305jmm.RT2-COMPLAINT.wpd

1  encumbering in any fashion any funds or assets of Northwest, wherever located;
2  and (3) further violating the Act or the Regulations promulgated thereunder.
3    B. That this Court determine and adjudicate Northwest's noncompliance
4  with, and violation of, the Act and the Regulations promulgated thereunder.
5    C. That this Court, pursuant to 15 U.S.C. §687c, take exclusive
6  jurisdiction of Northwest and all of its assets, wherever located, appoint SBA as
7  receiver of Northwest for the purpose of marshaling and liquidating the assets of
8  Northwest and satisfying the claims of creditors to be determined by the Court,
9  and such other relief as contained in the Proposed Order filed herewith.
10   D. That this Court grant such other relief as may be deemed just and
11 proper.
12   RESPECTFULLY SUBMITTED this ___12th___ day of March, 2009.

    JAMES A. MC DEVITT
    United States Attorney


    s/Rolf H. Tangvald
    ROLF H. TANGVALD
    Assistant United States Attorney
    Attorney for Plaintiff
    United States Attorney's Office
    Post Office Box 1494
    Spokane, Washington 99210-1494
    (509) 353-2767(Tel)
    (509) 353-2766(Fax)
    USA-WAE-RTangvaldECF@usdoj.gov

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION - 6
P90305jmm.RT2-COMPLAINT.wpd

# CERTIFICATE OF SERVICE

I hereby certify that on the __12th__ day of March, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: n/a

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Northwest Venture Partners III, LP
Thomas Simpson
221 No. Wall Street,
Suite 628
Spokane, WA 99201

NVP III, LLC
Thomas Simpson
221 No. Wall Street,
Suite 628
Spokane, WA 99201

s/ Rolf H. Tangvald
Rolf H. Tangvald
Assistant United States Attorney
Attorney for Plaintiff
United States Attorney's Office
Post Office Box 1494
Spokane, Washington 99210-1494
(509) 353-2767(Tel)
(509) 353-2766(Fax)
USA-WAE-RTangvaldECF@usdoj.gov

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION - 7
P90305jmm.RT2-COMPLAINT.wpd

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Northwest Venture Partners III L.P.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Spokane, WA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Arlene Embrey, US SBA 409 3rd Street, SW
Washington DC 20416 (202) 205-6976

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 754
Brief description of cause:
Notice of appointment of federal receiver

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 06/18/2009
SIGNATURE OF ATTORNEY OF RECORD: /s Arlene M. Embrey

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**09-MC-0039**